FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★   MAR 7 2006   ★

P.M. _____
~~TIME A.M.~~ _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------X
ANTHONY VIOLA,

            Petitioner,

     -against-

UNITED STATES of AMERICA,

            Respondent.
----------------------------------------------X

96 CV 0706 (SJ)
97 CV 2113 (SJ)

**MEMORANDUM AND ORDER**

APPEARANCES
ANTHONY VIOLA
# 38206-053
USP Allenwood
P.O. Box 3000
White Deer, Pennsylvania 17887-3000
Petitioner, *Pro Se*

ROSLYNN R. MAUSKOPF
United States Attorney
Eastern District of New York
One Pierrepont Plaza
Brooklyn, New York 11201
By:    Eric Friedberg, Esq.
         Richard Hayes, Esq.
Attorneys for Respondent

JOHNSON, Senior District Judge:

     Pending before the Court are two motions brought by Anthony Viola ("Petitioner"), proceeding *pro se*, who seeks both reconsideration of the Court's Memorandum and Order dated September 29, 2004 ("September 29, 2004 Order"), and a certificate of appealability with respect to this Court's Memorandum and Order dated

P-049

February 11, 2005 ("February 11, 2005 Order"). For the reasons stated below: (1) Petitioner's motion to reconsider the September 29, 2004 Order is denied; and (2) a certificate of appealability shall not issue with respect to the February 11, 2005 Order.

## BACKGROUND

Familiarity with the underlying criminal conviction and sentence, the Court's January 4, 2001 Memorandum and Order deciding the petition for habeas corpus, as well as the Court's September 29, 2004 and February 11, 2005 Orders, is assumed. See United States v. Viola, Docket No. 91 CR 0800 (Judgment entered April 8, 1993); Viola v. United States, Docket No. 97 CV 2113 (Memorandum & Order dated January 4, 2001); Viola v. United States, Docket No. 96 CV 0706 (Memorandum & Order dated September 29, 2004) (addressing Petitioner's property claims); and Viola v. United States, Docket No. 97 CV 2113 (Memorandum & Order dated February 11, 2005) (denying reconsideration of the January 4, 2001 Memorandum and Order).

## DISCUSSION

Petitioner's *pro se* status entitles his submissions to be held "to less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980). A Court should "read the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'" McPherson v. Coombe, 174

P-049

F.3d 276, 280 (2d Cir. 1999) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)).

**I. Motion to Reconsider September 29, 2004 Memorandum and Order**

Though Petitioner alternatively moved for reconsideration pursuant to Federal Rules of Civil Procedure 52(b), 59(e) and 60(b), the Court construes the motion as one seeking Relief from Judgment or Order pursuant to Rule 60(b). To succeed on this basis, the moving party must present exceptional or extraordinary circumstances to justify such relief. See Ackerman v. United States, 340 U.S. 193, 199 (1950); Rodriguez v. Mitchell, 252 F.3d 191, 201 (2d Cir. 2001). The Federal Rules of Civil Procedure provide narrow grounds for relief from judgment or order through Rule 60(b). Such grounds include "mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence . . . fraud . . . misrepresentation, or other misconduct of an adverse party . . . or any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b).

Petitioner contests certain factual findings as well as certain evidentiary rulings made by the Court. After review of Petitioner's submissions and the Court's September 29, 2004 Order – which details the extensive hearings held and testimony elicited on the property matters – the Court finds Petitioner has failed to make the requisite showing to qualify for relief under Rule 60(b). Therefore, the motion for reconsideration with

3

respect to the September 29, 2004 Order is denied.

**II. Certificate of Appealability for February 11, 2005 Order**

For a certificate of appealability to issue, Petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing "does not require a petitioner to demonstrate that he would prevail on the merits, but merely that 'reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.'" Santana v. United States, No. 04 Civ. 1111, 2005 WL 180932, at *7 (S.D.N.Y. Jan. 26, 2005) (quoting Rhagi v. Artuz, 309 F.3d 103, 106 (2d Cir. 2002) (internal quotation marks and citation omitted)). Petitioner has made no substantial showing of the denial of a constitutional right in this case. Accordingly, this Court denies a certificate of appealability with respect to its February 11, 2005 Order.

## CONCLUSION

For the reasons stated herein, Petitioner's motion for reconsideration of the Court's September 29, 2004 Order is DENIED, and Petitioner's request for a certificate of appealability with respect to this Court's February 11, 2005 Order is also DENIED.

SO ORDERED.

Dated: November 20, 2005
Brooklyn, New York

/s/ Sterling Johnson
Senior U.S.D.J.

4

# MANDATE

E.D.N.Y. Bklyn NY.
96-cv-706
97-cv-2113
Johnson, J.

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ DEC 2 0 2005 ★

P.M. _____
TIME A.M. _____

## United States Court of Appeals
### FOR THE
### SECOND CIRCUIT

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at Foley Square, in the City of New York, on the 14th day of Dec. two thousand five,

Present:

    Hon. Guido Calabresi,
    Hon. Robert A. Katzmann,
    Hon. Richard C. Wesley,
          *Circuit Judges.*



UNITED STATES COURT OF APPEALS
FILED
DEC 14 2005
Roseann B. MacKechnie, CLERK
SECOND CIRCUIT

---

In re Anthony Viola,

          Petitioner.

05-4872-op

---

    Petitioner, *pro se*, has filed a motion for *in forma pauperis* status and a petition for a writ of mandamus directing the district court to decide his motion for a Certificate of Appealability from the denial of his motion pursuant to Federal Rule of Civil Procedure 60(b) in Eastern District of New York case no. 97-cv-2113 and to decide his motion pursuant to Federal Rule of Civil Procedure 52(b) in Eastern District of New York case no. 96-cv-706. Upon due consideration, it is ORDERED that the motion for *in forma pauperis* status is GRANTED for the purpose of filing the mandamus petition. It is further ORDERED that the mandamus petition is DENIED without prejudice to renewal if the district court fails to take action on the petitioner's motions within ninety (90) days of the date of entry of this order.

FOR THE COURT:
Roseann B. MacKechnie, Clerk

By: *Jnielle Carr*

A TRUE COPY
Roseann B. MacKechnie, CLERK
by _____
DEPUTY CLERK

MANDATE ISSUED: DEC 14 2005