UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
ANTHONY VIOLA,

                        Plaintiff,          96 CV 0706 (SJ)

  - against -                    MEMORANDUM
                                                AND ORDER

UNITED STATES OF AMERICA,

                        Defendant.
--------------------------------------------------------X

A P P E A R A N C E S

ANTHONY VIOLA
#38206-053
USP Allenwood
P.O. Box 3000
White Deer, PA 17887
Petitioner, *pro se*

LORETTA E. LYNCH, ESQ.
United States Attorney
271 Cadman Plaza East
Brooklyn, NY 11201
By: Richard K. Hayes, Esq.
Attorneys for Respondent

JOHNSON, Senior District Judge:

      The facts and circumstances surrounding this action, as well as the underlying criminal action, are more fully set forth in the Court's September 29, 2004; March 7, 2006; August 17, 2009; and March 10, 2011 orders, and familiarity with each assumed. Briefly, Viola was convicted of 26 racketeering, firearms and

1

narcotics offenses on December 4, 1992, and sentenced to, inter alia, ten life sentences. (See United States v. Viola, No. 91 CR 800 (E.D.N.Y.) (Judgment entered April 8, 1993).) In the interim, he has filed with this Court unsuccessful applications of all sorts within his contemplation. (See, e.g., United States v. Viola, No. 91 CR 800 (E.D.N.Y.) (containing at least 10 post-trial motions or letters); Viola v. United States, No. 97 CV 2113 (E.D.N.Y.) (petition for writ of habeas corpus, five writs of mandamus and at least a dozen frivolous letter requests).) The frequency of his motions coupled with the length of his sentence portended a barrage of baseless filings to be endured by the Court without intermission and in perpetuity.

Accordingly, an attempt was made by this Court to mitigate the strain on judicial resources caused by Viola's indefatigability. On April 10, 2007, the Clerk of the Court was directed to reject any new filings from Viola if they were not filed with permission of the Court. Not surprisingly, Viola appealed that order with all deliberate speed. On January 21, 2009, the Court of Appeals vacated that order and determined that due process required Viola to first be notified that his motions were considered to be frivolous and vexatious, then, upon subsequent frivolous filing, be provided an opportunity to show cause by leave-to-file sanctions should not issue. On May 28, 2009, a hearing was held and Viola was so notified. Straightaway, he followed that caution with a May 29, 2009 filing in which he sought reconsideration of prior motions already denied by the Court. Viola was then

ordered to show cause why leave-to-file sanctions should not issue. On April 22, 2010, a hearing was held at which Viola agreed that his recent filings did not relate to the matter before the Court. At that hearing, Viola also made challenges to his criminal convictions that bore no relationship to the instant civil action for return of seized property and in any event had been decided. Therefore, he failed to show cause why he should not be sanctioned.

As a result, in a March 10, 2011 order, Viola was sanctioned in the amount of $1,000 and the Clerk of the Court was again directed to both close the case and reject future filings of Viola unless Viola first obtained permission of the Court. Viola predictably appealed that order, too, and on February 19, 2013, the Court of Appeals affirmed the March 10, 2011 in part, and vacated it, in part. Specifically, the Court of Appeals determined that due process was satisfied by providing Viola with notice and an opportunity to be heard on the issue of his permission to continue filing motions in this district. Therefore, that portion of the order restricting future filings was left intact. However, the Court of Appeals found that due process was wanting insofar as Viola was not apprised of the possibility of a monetary sanction when he made the filings that led to the leave-to-file sanctions.

Accordingly, and in the continual spirit of bringing finality to all matters Viola-related, the Court hereby VACATES that portion of its March 10, 2011 order imposing monetary sanctions. However, Viola is reminded that the Court of Appeals affirmed this Court's imposition of leave-to-file sanctions. Therefore, he

remains barred from making any future submission for which he has not first obtained permission of this Court. Finally, today's order also serves to notify Viola that if he ignores the requirements of the leave-to-file sanction (i.e., if he files another letter or motion without this Court's permission), he will be immediately ordered to show cause why a monetary sanction should not then issue.

**SO ORDERED.**

Dated: April 4, 2013 _____/s_____
      Brooklyn, New York           Sterling Johnson, Jr., U.S.D.J.